IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-01510-RMR

PEDRO GOMEZ;

    Plaintiff,

v.

TIMBERLINE CUSTOM BUILDERS, LLC,
CHRISTOPHER SHAWN MOYERS,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 16. For the reasons stated below, the Court **GRANTS in PART and DENIES in PART** Plaintiff's Motion for Default Judgment.

### I.    BACKGROUND

This is an action for recovery of unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the Colorado Wage Act ("CWA") Colo. Rev. Stat. § 8-4-101 *et seq.*, the Colorado Minimum Wage Act ("CMWA"), *id.* § 8-6-101, *et seq.*, as implemented by the Wage Order. ECF No. 1, ¶¶ 27-53. Plaintiff also asserts conversion/theft of services in violation of Colo. Rev. Stat. § 18-4-401. *Id.* ¶¶ 54-57. Defendant Timberline Custom Builders, LLC ("Timberline") is a construction business and a Colorado Limited Liability Company. *Id.* ¶¶ 5, 7. Defendant Christopher Shawn Moyers

is the registered agent and purported owner of Timberline, who hired Plaintiff in October 2021. *Id.* ¶¶ 5, 13, 15, 17; ECF No. 16 ¶ 5.

Plaintiff worked as a general laborer for approximately four months from October 1, 2021, to February 1, 2022. ECF No. 1 ¶ 17. Plaintiff typically worked five days a week from 8:00 AM to 4:00 PM. *Id.* ¶ 24. During his employment, Moyers was Plaintiff's primary supervisor and exercised substantial control over the functions of the company's employees, including Plaintiff. *Id.* ¶¶ 12, 21. For example, Defendant Moyers has the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. *Id.* ¶ 13.

Plaintiff contends that he was never paid for the 125.35 hours he worked from January 6, 2022, to January 29, 2022, or for his overtime pay for the weeks when he worked more than 40 hours. *Id.* ¶¶ 30-33. Plaintiff also contends that Defendants failed to provide meal and break time as required by state law. *Id.* ¶ 34.

On June 7, 2022, counsel for Plaintiff sent a written demand to the Defendants for his unpaid wages. ECF No. 16-3. On June 23, 2022, Defendant Moyers emailed asking, "Where do I go to pay this online[?]" ECF No. 16-6. On June 29, 2022, Defendant Moyers made a payment of $2,805.60 after Plaintiff's counsel followed up by email on June 27, 2022. ECF Nos. 16-6, -7. From July through August 2022, Plaintiff tried to negotiate a settlement with Mr. Moyers for not making the payment within the allotted time of the demand letter. ECF No. 16-2 ¶¶ 9-12.

Plaintiff filed his complaint on June 15, 2023. ECF No. 1. Defendants did not answer or otherwise respond to the complaint. On September 21, 2023, the Clerk of the

Court entered default as to both Defendants. ECF Nos. 9, 10. On September 12, 2024, the Court issued an order requiring the Plaintiff to either file a motion for default judgment or request a status conference if he believed discovery may be necessary. ECF No. 15. On October 13, 2024, Plaintiff filed a motion for default judgment. ECF No. 16. This matter was reassigned to the undersigned on October 3, 2024. ECF No. 18.

Plaintiff seeks default judgment against the Defendants, jointly and severally, and asks the Court to enter judgment awarding Plaintiff: (1) back pay under the FLSA and CWA in the amount of $2,805.60; (2) FLSA liquidated damages in the amount of $908.79; (3) CWA statutory penalties in the amount of $5,260.50; and (4) conversion damages in the amount of $5,611.20. ECF No. 16.

## II.     LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the Clerk of Court if the claim is for "a sum certain." In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal quotation marks omitted).

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the action. *See Bixler v. Foster*, 596 F.3d 751, 761

3

(10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered"). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id*. (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits. *See Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009); *Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

### III.   ANALYSIS

#### A.   Jurisdiction

The Court finds it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. Additionally, Plaintiff's CWA and CMWA claims are so related to Plaintiff's FLSA claim that they form part of the same case or controversy. Accordingly, the Court finds that it has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(a).

4

The Court has personal jurisdiction over the Defendants. Each Defendant was properly served pursuant to Fed. R. Civ. P. 4. ECF Nos. 5, 6. Plaintiff alleges that Timberline is a limited liability company incorporated in and with its principal place of business located in Colorado, and Defendant Moyers is an individual domiciled in Colorado. ECF No. 1 ¶¶ 5, 11. Plaintiff's allegations in the Complaint are sufficient to satisfy the Court that it may exercise personal jurisdiction over Defendants.

### B. Entitlement to Judgment

After an entry of default, the Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered. *Bixler*, 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed.1998)). Accepting the well-pleaded allegations in the complaint as true, and for the reasons stated herein, the Court finds that the allegations support entry of default judgment against the Defendants.

#### 1. Joint and Several Liability

Plaintiff alleges that both Timberline and Moyers were his employers under the FLSA, CWA, and CWMA. Accordingly, Plaintiff seeks to hold Timberline and Moyers jointly and severally liable for Plaintiff's unpaid wages.

The FLSA and CWA contemplate that an employee may have more than one employer, and in such instances, the employers may be held jointly and severally liable. *See generally Vassel v. Littleton Auto Repair LLC*, 2024 WL 709800 (D. Colo. Feb. 21, 2024); *see also* C.R.S. § 8-4-101(6) ("'Employer' has the same meaning as set forth in the [FLSA]"). Additionally, as relevant here, both the FLSA and CWA allow individuals to

5

be considered employers. *Vassel*, 2024 WL 709800, at *3 n.1; *see also* 29 U.S.C. 203(d) (defining "employer" as "*any person* acting directly or indirectly in the interest of an employer in relation to an employee") (emphasis added); 29 U.S.C. 203(a) (defining "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons"). As of 2020, Colorado has adopted the same approach. *See* Interpretive Notice and Formal Opinion #11A: Individual Liability Under the Colorado Wage Act (CWA) and Health Families and Workplaces Act (HFWA), reprinted in Section VII, 16A Colo. Prac., Employment Law & Practice Handbook ("For example, an employee working as a mechanic at 'Smith's Auto Body' could bring a wage claim simultaneously against *both* the business and the owner who manages the business . . . . If an individual qualifies as an 'employer,' they are personally (*i.e.*, 'individually') liable … along with the business, for paying the *full amount owed* for any wage-and-hour violations, including any fines and penalties."); *see also Kimes v. Alshawy*, No. 23-CV-00082-RMR-MDB, 2024 WL 2864147, at *3 (D. Colo. May 20, 2024), *report and recommendation adopted,* No. 23-CV-00082-RMR-MDB, 2024 WL 3341013 (D. Colo. June 7, 2024) (holding both the company and individual jointly and severally liable); *Miller v. Dirty Pit Craft House LLC*, No. 23-CV-00183-GPG-SBP, 2024 WL 4110792, at *3 (D. Colo. Mar. 24, 2024) (same); *Vassel*, 2024 WL 709800, at *3 (same). Thus, if both Timberline and Moyers qualify as Plaintiff's employers, they will be held jointly and severally liable for Plaintiff's unpaid wages.

To determine whether an individual, such as Moyers, is Plaintiff's "employer" under the FLSA and Colorado wage laws,[1] the Court considers four factors. *See Inniss v. Rocky Mountain Inventory, Inc.*, 385 F. Supp. 3d 1165, 1168 (D. Colo. 2019). Those factors are whether the alleged employer: (1) has the power to hire and fire the employee; (2) supervises and controls the employee's work schedule or conditions of employment; (3) determines the rate and method of payment; and (4) maintains employment records. *Id.* (citing *Robertson v. Bd. of Cnty. Comm'rs of Cnty. of Morgan*, 78 F. Supp. 2d 1142, 1151 (D. Colo. 1999)). "No one factor is dispositive, but instead a court must consider the economic realities and the circumstances of the whole activity." *Id.*

Here, Plaintiff has sufficiently alleged that Moyers was his employer. Moyers is the owner and manager of Timberline and is the person who hired him, set his rate of pay and work schedule, and supervised and instructed him daily. ECF No. 1 ¶¶ 13-15; ECF No. 16-1 ¶¶ 4-5. Thus, the Court finds that Moyers is Plaintiff's employer and is jointly and severally liable with Timberline for the violations complained of under the FLSA, CWA, and CMWA.

   2.   **FLSA Violations**

The FLSA is a federal law that establishes minimum wage, overtime pay, recordkeeping, and child labor standards. *See* 29 U.S.C. § 201, *et seq*. Plaintiff claims

---

[1] The FLSA, CWA, and CMWA allow individuals to be considered "employers." An "employer" subject to the FLSA is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). A "person" under the FLSA is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). The CWA and CMWA mirror the FLSA's definition of employer. *See* Colo. Rev. Stat. § 8-4-101(6) (" 'Employer' has the same meaning as set forth in the [FLSA]");. Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1:1(2) (2019); COMPS Order #38, 7 Colo. Code Regs. § 1103-1:1(1.5)-(1.6) (2022).

that Defendant violated both the minimum wage and overtime provisions of the FLSA, ECF No. 1 ¶¶ 29-33, but "because he does not have records of these occasions and the quantity of overtime hours was likely fairly de minimis, he is not claiming damages for overtime." ECF No. 16 at 5. According to the minimum wage provision of the FLSA, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . $7.25 an hour." 29 U.S.C. § 206(a).

To establish liability under the FLSA, a plaintiff must show that: (1) he was employed by the defendant during the relevant time; (2) that the plaintiff worked and the defendant did not appropriately compensate the plaintiff for the time worked; and (3) in the plaintiff's work for the defendant, he was engaged in commerce or the production of goods for commerce, or he was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000. *See Fracasse v. Ablaze Energy*, No. 15-CV-2192-WJM-NYW, 2016 WL 8577551, at *3 (D. Colo. July 1, 2016); 29 U.S.C. §§ 203(s)(1)(A)(ii), 206(a).

Plaintiff alleges he was employed by Timberline and its owner, Moyers. ECF No. 1 ¶¶ 14-15; ECF No. 16-1 ¶¶ 4-5. Plaintiff also alleges that he worked 125.35 hours from January 6, 2022, to January 29, 2022, and was never compensated. ECF No. 1, ¶¶ 31-33. Plaintiff further alleges that as a Timberline employee, "he regularly handled paint, tools, supplies, other building materials, and accounting software that originated outside of the state of Colorado." ECF No. 1 ¶ 20. He also alleged that "Defendant Timberline was engaged in interstate commerce and/or the production of goods for commerce, within

the meaning of the FLSA, with annual gross revenues in excess of $500,000. ECF No. 1 ¶¶ 6-8. Taking the well-pled allegations in the Complaint, ECF No. 1, and Plaintiff's Affidavit, ECF No. 16-1, as true, the Court finds that Plaintiff has sufficiently alleged that he worked, but was not properly compensated. Plaintiff has adequately alleged that Defendant was an enterprise engaged in commerce; thus, it is required to pay its employees subject to § 206(a). Plaintiff has also shown that he is covered under the FLSA's individual coverage provision because the supplies he used for his employment with Timberline moved in interstate commerce.

### 3. CWA Violations

The CWA provides that the "compensation for labor or service earned, vested, determinable, and unpaid" at the time of an employee's discharge is "due and payable immediately." Colo. Rev. Stat. § 8-4-109. If an employee is not paid their wages or compensation within fourteen days after sending a written demand, the employer is liable for the wages plus a penalty. *Id.* An employer's failure to comply with the statute allows an employee to recover the greater of either: "two times the amount of the unpaid wages or compensation or one thousand dollars[.]" Colo. Rev. Stat. § 8-4-109(3)(b)(I). However, if "the employee can show that the employer's failure or refusal to pay wages or compensation was willful," the penalties are then increased to "the greater of three times the amount of the unpaid wages or compensation or three thousand dollars." Colo. Rev. Stat. § 8-4-109(3)(b)(II).[2] Further, and as relevant here, a plaintiff is entitled to recover

---

[2] According to Plaintiff, the CWA entitles them to 125% of their wages (125% x $2,805.60 = $3,507.00), plus an additional 50% to account for Defendants' willfulness ($3,507 + $1,753.50 = $5,260.50). Doc. No. 16 at 13. Plaintiff recognizes this was the formula in effect when Plaintiff worked for Defendants in 2022. On January 1, 2023, the legislature amended subsections (3)(b)(I) and (3)(b)(II) of the CWA. The amended

both FLSA liquidated damages and CWA statutory penalties. *See Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498 (10th Cir. 2015) (collecting cases) (concluding that "an award of both a state statutory penalty and FLSA liquidated damages does not constitute a double recovery.").

Plaintiff alleges that he was not paid for the services he performed from January 6, 2022, to January 29, 2022. ECF No. 1 ¶¶ 31-33. Plaintiff provided the Court with two earning statements. ECF No. 16-5. One is for the pay period beginning on January 6, 2022, and ending on January 19, 2022, showing Plaintiff worked 59 hours with a pay rate of $16.00 an hour. *Id.* The pay date is listed as January 21, 2022. *Id.* The second one is dated February 11, 2022, showing Plaintiff worked 66.35 hours at $16.00 an hour from January 16, 2022, to January 29, 2022. Plaintiff alleges he never received payment for these two pay periods. ECF No. 16-1 ¶¶ 10-11. Plaintiff further alleges that he made a written demand for payment on June 7, 2022, demanding $2,005.60 ($16.00 x 125.35) in unpaid wages, along with $800.00 in meal/break pay. *See* ECF Nos. 16 at 13, 16-1 ¶ 14, 16-2 ¶ 4, 16-3. Defendants submitted a payment of $2,805.60 on June 29, 2022, ECF Nos. 16-2 ¶ 7, 16-7. Defendants nonetheless failed to compensate Plaintiff within fourteen days of the demand letter. ECF No. 16 at 13, 16-2 ¶ 9. Accordingly, Plaintiff has established a claim under the CWA for unpaid wages.

---

language reflects the new calculation method discussed above. In *Kimes v. Alshawy*, this Court adopted the Magistrate Judge Recommendation that utilized the new formula for work that was completed in 2021. No. 23-CV-00082-RMR-MDB, 2024 WL 3341013, at *1 (D. Colo. June 7, 2024); *see also Miller*, 2024 WL 4110792, at *4 (applying new formula for work completed in 2022). Thus, the court will use the new formula here.

### C. CWMA Violations

The CWMA is implemented through Colorado Overtime and Minimum Pay Standards ("COMPS") Orders. Pursuant to the relevant COMPS Order, Colorado employers are required to provide nonexempt employees with rest and meal breaks. *See* 7 CCR 1103-1 (2020-2021). The COMPS Order requires employers to provide nonexempt employees with uninterrupted, duty-free 30-minute meal periods for shifts over 5 hours and a paid 10-minute break for each 4 hours of work, or major fractions thereof. 7 CCR 1103-1, Rules 5.1, 5.2. The Colorado Court of Appeals has held that the CMWA expressly authorizes a private right of action for rest period or meal break violations where the employee seeks to recover for the time he was entitled to receive, but the employer did not provide a rest period or meal break. *See Pilmenstein v. Devereux Cleo Wallace*, 492 P.3d 1059, 1066 (Colo. App. 2021), *cert. denied*, No. 21SC425, 2021 WL 4943164 (Colo. Oct. 18, 2021).

Here, Plaintiff has alleged that he was not provided with meal breaks or rest breaks at any time. ECF No. 1, ¶¶ 50-51; ECF No. 16-1 ¶ 8. This amounts to a 30-minute meal period and two 10-minute breaks. Thus, for every workday, Plaintiff is owed another 50 minutes' worth of time.

### D. Conversion

To state a claim for conversion, a plaintiff must allege that "(i)[the defendant] exercised dominion or control over property; (ii) that property belonged to [the plaintiff]; (iii) [the defendant's] exercise of control was unauthorized; (iv) [the plaintiff] demanded return of the property; and (v) [the defendant] refused to return it." *Scott v. Scott*, 428 P.3d

626, 634 (Colo. App. 2018) (citations omitted). Similarly, civil theft requires proof that a person "knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception, and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *See Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (Colo. 2016). In cases where a civil theft claim, including theft of services, is substantiated, Colo. Rev. Stat. § 18-4-405, provides a remedy of "two hundred dollars or three times the amount of the actual damages sustained by [plaintiff], whichever is greater." Colo. Rev. Stat. § 18-4-405.

In *Miller*, the Honorable Gordon P. Gallagher did allow Plaintiffs to recover treble damages in an FLSA/CWA case based on a conversion/theft of services claim in addition to triple the lost wages as a statutory penalty under CWA. 2024 WL 4110792, at *4. However, since then, this Court has accepted and adopted Magistrate Judge Braswell's analysis and finding in *Kimes* that Colorado Law does not allow a plaintiff to receive double compensation for the same wrongdoing. 2024 WL 2864147, at *6 (citing *MSC Safety Sols., LLC v. Trivent Safety Consulting, LLC*, 2022 WL 474701, *5 (D. Colo. 2022)). Plaintiff has not provided any case law that suggests he is entitled to recover both CWA punitive damages and punitive damages under Colo. Rev. Stat. § 18-4-405. Accordingly, the Court will not impose conversion damages.

### E. Damages

Having determined that a default judgment should be entered, the Court must next determine the amount and character of Plaintiff's recovery. "A final default judgment cannot be entered against a party until the amount of damages has been ascertained.

*Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)). Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). Here, Plaintiff has provided an affidavit as well as pay statements, the demand letter, to establish the amounts owed. Thus, based on the uncontested facts, Plaintiff is entitled to damages as follows.

### 1. Back Pay

Plaintiff seeks back pay (wages and meal and rest breaks) under the FLSA and CWA in the amount of $2,805.60. Plaintiff alleges he was not paid for 125.35 hours for work completed between January 6, 2022, and January 29, 2022. ECF Nos. 1 ¶¶ 31-33, 16-1 ¶ 11, 16-5. Thus, Plaintiff is entitled to his hourly rate of $16.00 for each hour worked, totaling $2,005.60. In sum, Plaintiff is entitled to $2,005.60 in unpaid wages. Pursuant to Colorado law, Plaintiff is entitled to missed pay for break and meal time. As described above, Plaintiff's hourly rate is $16.00 per hour. $16.00 x 5/6 hour x 60 workdays = $800.00.

In sum, Plaintiff is entitled to a total of $2,805.60 in back pay.

### 2. Liquidated Damages

Under the FLSA, Plaintiff is entitled to liquidated damages in the amount of unpaid minimum wages calculated under the FLSA. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount

as liquidated damages."). Plaintiff asserts that between January 6, 2022, to January 29, 2022, he worked 125.35 hours without receiving compensation. Given that Plaintiff was not paid at all for this work, he is entitled to $908.79 ($7.25 x 125.35 = $908.79).

### 3. Colorado Statutory Penalties

Plaintiff also seeks statutory penalties under Colo. Rev. Stat. § 8-4-109(3). Plaintiff is entitled to recover both FLSA liquidated damages and CWA statutory penalties. *See Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498 (10th Cir. 2015) (collecting cases) (concluding that "an award of both a state statutory penalty and FLSA liquidated damages does not constitute a double recovery.").

Pursuant to Colo. Rev. Stat. § 8-4-109(3)(b), if an employee is not paid his earned, vested, and determinable wages or compensation within fourteen days after sending a written demand, the employer is liable for the wages plus a penalty. Wages or compensation include all amounts for labor or service performed by employees under a contract, as long as the labor was performed personally by the person demanding payment. Colo. Rev. Stat. § 8-4-101(14)(a)(I). The penalty is "[t]he greater of two times the amount of the unpaid wages or compensation or one thousand dollars." *Id.* § 8-4-109(3)(b)(I). However, if "the employee can show that the employer's failure or refusal to pay wages or compensation was willful," the penalties are then increased to "the greater of three times the amount of the unpaid wages or compensation or three thousand dollars." *Id.* § 8-4-109(3)(b)(II).

Plaintiff properly issued a demand letter, and Defendants failed to pay. Accordingly, Plaintiff is entitled to statutory damages on the total compensation owed to

Plaintiff – $2,805.60. And because they were not paid their wages within fourteen days after sending the first written demand, Plaintiff is entitled to "two times the amount of the unpaid wages[.]" Colo. Rev. Stat. § 8-4-109(3)(b)(I). But the analysis does not end there because Plaintiff sufficiently pleaded that Defendants' failure to respond was willful, and as such—the additional penalty applies. ECF No. 1 ¶¶ 33, 39-41. In support of his willfulness argument, Plaintiff provided an affidavit outlining instances Defendants failed to pay them, including two missed payments in January 2022, where Defendants issued pay statements with pay dates but never paid Plaintiff. ECF Nos. 16-1 ¶¶ 10-11, 16-5. Thus, the pleadings and submissions are sufficient to demonstrate willful failure, entitling Plaintiff to three times the amount of his unpaid wages, or $8,416.80 ($2,805.60 x 3 = $8,416.80).

### 4. Prejudgment Interest and Post-Judgment Interest

The Court now turns to Plaintiff's prejudgment and post-judgment interest requests. Regarding prejudgment interest, the Court agrees with the analysis it previously accepted and adopted in *Kimes*, that prejudgment interest does not apply, 2024 WL 2864147, at *7. Under Colorado Revised Statute § 5-12-102(1)(a):

> (a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant[.]

However, courts "may not award both liquidated damages under the FLSA and prejudgment interest" and "must consider whether the equities would preclude the award of prejudgment interest." *Fracasse v. Ablaze Energy*, 2016 WL 8577551, at *7 (D. Colo.

July 1, 2016) (quotation omitted); *see also Evans*, 632 Fed. Appx. at 498-99 (ordering court to vacate a prejudgment interest if it chose to award liquidated damages). In this instance, Plaintiff's liquidated damages under the FLSA are $908.79. This FLSA amount exceeds any potential prejudgment interest that could be calculated on the wages. Thus, the Court does not see any reason to award prejudgment interest on the FLSA claim. The Court is also not persuaded that because Plaintiff is only "seeking FLSA liquidated damages on his minimum wage claim[,]" "[t]he remaining owed wages (i.e. rest breaks, and unpaid wages) have not received any liquidated damages or interest to offset the time value of that money." ECF No. 16 at 14. Plaintiff does not cite any case law or other authority in support of this position. Plus, Defendants already paid Plaintiff $2,805.60 in unpaid wages on June 29, 2022, approximately 22 days after the demand letter was sent. Plaintiff did not file his motion for default until over two years later, in October 2024. And in any case, courts in this district have previously denied prejudgment interest altogether, even after awarding FLSA liquidated damages. *See Peralta v. Taco Mex III Inc.*, 2018 WL 11624917, at *9 (D. Colo. Sept. 28, 2018).

To the extent Plaintiff argues he is also entitled to recover prejudgment interest on the CWA damages, the Court does not find this argument compelling. Plaintiff appears to argue that prejudgment interest should apply to "the difference between the (higher) computed wage rates owed pursuant to the CWA and the (lower) federal minimum wage rate." ECF No. 16 at 14. However, he does not cite any authority—nor does the Court find any—supporting the notion that after receiving FLSA liquidated damages, a plaintiff is also entitled to prejudgment interest on a CWA claim that arises out of the same facts

16

and injury. Indeed, courts in this district have declined to award prejudgment interest altogether where both FLSA liquidated damages and CWA statutory damages were granted. *Fracasse*, 2016 WL 8577551, at *7-8 (D. Colo. July 1, 2016); *see also Kraemer v. Violet Energy, Inc.*, 2021 WL 8153760, at *2 (D. Colo. Dec. 28, 2021) ("due to the make-whole purpose of prejudgment interest, it may be awarded only on plaintiff's compensatory damages, not the punitive penalties to which she is entitled under the Colorado Wage Act"); *Evans v. Loveland Auto. Inv., Inc.*, 2016 WL 1247639, at *3 (D. Colo. Mar. 30, 2016) (rejecting argument that "[b]ecause here the only actual damages awarded are under the Colorado Wage Claim Act, not the FLSA, prejudgment interest on the actual damages should be permitted").

## IV.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1) Plaintiff's Motion for Default Judgment is **GRANTED IN PART** as follows:

    a. Plaintiff is awarded actual damages against Defendants jointly and severally in the amount of $2,805.60;

    b. Plaintiff is awarded liquidated damages under the FLSA against Defendants jointly and severally in the amount of $908.72;

    c. Plaintiff is awarded punitive damages under the CWA against Defendants jointly and severally in the amount of $8,416.80; and

    d. Plaintiff is awarded post-judgment interest at the statutory rate;

2) Given all of the calculations described above, Plaintiff is entitled to a total of $12,131.12 minus the amount Defendants previously paid, $2,805.60. The Clerk of Court **SHALL** enter judgment in the amount of **$9,325.52**;

3) Plaintiff's Motion for Default Judgment is **DENIED IN PART** to the extent that it seeks damages for conversion and prejudgment interest; and

4) Plaintiff is **ORDERED** to file a motion for reasonable attorney's fees and costs within 30 days of this order.

DATED:  September 10, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge