**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 23-cv-1510-RMR

PEDRO GOMEZ,

      Plaintiff,

v.

TIMBERLINE CUSTOM BUILDERS, LLC,
CHRISTOPHER SHAWN MOYERS,

      Defendants.

---

## ORDER ON MOTION FOR ATTORNEY FEES

---

Plaintiff seeks an award of $20,890 for attorney fees plus litigation costs in the amount of $588.10 for a total of $21,478.10. This matter comes before the Court on Plaintiff's Motion for Attorney Fees, ECF No. 21. For the reasons stated herein, the motion is **GRANTED.**

### I.      APPLICABLE LAW

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010). Here, Plaintiff seeks attorney fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and Colorado Wage Act ("CWA"), § 8-4-101 *et seq*. When an employer violates the FLSA, "[t]he court

in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). *See also Wright v. ULet–Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D.Colo.1986) ("Payment of attorney fees and costs to a prevailing party in an FLSA action is mandatory."). Additionally, the CWA allows the Court to award costs and attorney fees to the prevailing party. As relevant here, it provides:

> If, in an administrative claim or civil action in which the employee seeks to recover any amount of wages or compensation, the employee recovers a sum greater than the amount tendered by the employer . . . [t]he court, in a civil action, may award the employee reasonable costs and attorney fees incurred in the civil action.

C.R.S. § 8-4-110(1)(b)(I).

If a Court determines an award of fees is appropriate, it must use the lodestar analysis to calculate the appropriate award of attorney fees. *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010). The lodestar reflects "[t]he number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar amount is the presumptively appropriate measure of the fee award and should only be disturbed in rare circumstances. *Hensley*, 461 U.S. at 433; *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

## II.    ANALYSIS

In this action, the Court awarded Plaintiff default judgment on his claims for unpaid wages under the FLSA, CWA, and Colorado Minimum Wage Act ("CMWA"), § 8-6-101,

2

*et seq.* ECF No. 19. In his motion for default judgment, Plaintiff sought actual damages under the FLSA and CWA in the amount of $2,805.60, liquidated damages under the FLSA in the amount of $908.79, statutory penalties under the CWA in the amount of $5,260.50, and Colorado conversion/theft damages in the amount of $5,611.20, minus previously remitted payment in the amount of $2,805.60. ECF No. 16 at 14-15. Plaintiff also sought prejudgment interest under C.R.S. § 5-12-102(1)(a). *Id.*

Ultimately, the Court awarded Plaintiff actual damages under the FLSA and CWA in the amount of $2,805.60, liquidated damages under the FLSA in the amount of $908.72, punitive damages under the CWA in the amount of $8,416.80, post-judgment interest at the statutory rate, and no conversion damages or prejudgment interest. ECF No. 19 at 17-18. The Court determined Plaintiff was entitled to a total of $12,131.12 minus the amount Defendants previously paid, $2,805.60 for a total of $9,325.52. *Id.* Accordingly, Plaintiff is the prevailing party on his FLSA and CWA claims and is entitled to attorney fees.

Having determined that Plaintiff is entitled to reasonable attorney fees and costs incurred throughout litigation, the Court must next determine what amount should be awarded. Here, Plaintiff seeks a fee award of $20,890, representing 123.9 hours of work. ECF No. 21 at 10, 13. In support of the request, Plaintiff provided an affidavit authored by attorney Penn Dodson and a detailed description of the work performed on this case, including an itemized list of services rendered, fees incurred, the hourly rate charged by

counsel, and the total amount claimed. *See* ECF No. 21 at 8-10; ECF No. 21-1; ECF No. 21-4; ECF No. 21-5; ECF No. 21-6; ECF No. 21-7; ECF No. 21-8; ECF No. 21-9.

As explained above, to determine the appropriate amount of attorney fees, the Court must calculate the lodestar amount: "the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome." *Zinna v. Congrove*, 680 F.3d 1236, 1239, 1242 (10th Cir.2012) (quoting *Phelps*, 120 F.3d at 1131). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc*., 295 F.3d 1065, 1078 (10th Cir. 2002). "The party requesting fees bears the burden of showing that the requested rates are in line with those prevailing in the community," *Villanueva v. Acct. Discovery Sys*., LLC, 77 F. Supp. 3d 1058, 1080 (D. Colo. 2015) (quotation omitted), and a party seeking fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). These same standards apply when a party requests fees for services performed by non-lawyers, such as paralegals. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) ("The court should scrutinize the [non-lawyer's] reported hours and the suggested rates in the same manner it scrutinizes lawyer time and rates." (quotation omitted)).

### A.    Reasonable Hours Expended

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the party seeking fees. *Hensley*, 461 U.S. at 437. In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1246 (D. Colo. 2015) (citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). The court then exercises its discretion to determine whether the attorney exercised appropriate billing judgment. *Reg'l Dist. Council.*, 82 F. Supp. 3d at 1245. Once the district court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Id.*

Upon review of the billing entries, the Court finds that the number of claimed hours—123.9 —is reasonable. Although not particularly complex, this case required fact-gathering and document collection, the preparation and mailing of demand letters, settlement discussions and drafting of a settlement agreement, commencement of the litigation, preparation of the motion for default judgment, and attendance at a damages hearing. Plaintiff's counsel was able to achieve an award for Plaintiff with limited litigation. Accordingly, the Court finds the number of claimed hours was reasonably spent.

### B.    Reasonableness of Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy this burden, Plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court finds that Plaintiff's counsel has satisfied their burden of showing the requested rates are in line with those prevailing in the community.

Plaintiff requests fees for the work performed by one partner, two associates, one law clerk, and five paralegals. As to the attorneys, Plaintiff requests an hourly rate of $450 for Penn Dodson, the partner on this case. ECF No. 21-9. Plaintiff also requests an hourly rate of $325 for both associates.[1] This Court finds that $325, the billing rate requested by Plaintiff in the body of ECF No. 21 at 10, is reasonable in light of each attorney's experience and the prevailing market rates. *See, e.g.*, *Epps et al. v. City and County of*

---

[1] After a close review of ECF No. 21-9, this Court notes that Associate Mary Beth Melso billed at a rate of $325 as well as $360, and Associate Ryen Schimerman billed at a rate of $350 as well as $385. This discrepancy seems to be a typographical error in the body of ECF No. 21 and does not impact the movants calculations. This error does not impact this Court's analysis as both $360 and $385 within or close to the reasonable range outlined in the body of this order.

*Denver*, 1:20-cv-01878-RBJ (D. Colo. 2022) (finding hourly rates of $595-$650 for partners and $375 for associates were reasonable); *United States ex rel. Swanton v. Zhong*, No. 20-cv-1742-NYW, 2024 WL 1858532 (D. Colo. April 29, 2024) (finding hourly rates of $650 for partners and $375 for associates were reasonable).

As to the non-lawyers, "[t]he court should scrutinize the [non-lawyer's] reported hours and the suggested rates in the same manner it scrutinizes lawyer time and rates." *Case,* 157 F.3d at 1249 (quotation omitted). For the paralegals—Jess Velez, Jessica Balint, Callyn Carter, Lucy Espinal and Lynne Sharpe—the rates range between $125 and $195. Billy Hernandez first worked as a bilingual client relations specialist until August 2022, when he left the firm to attend law school. He returned to Anderson Dodson, P.C. as a law clerk. His billing rate was $125 for both roles. 21-1 ¶ 20. The Court finds these billing rates reasonable. *See Meggs v. Joalto Grp., Ltd*., No. 22-CV-03054-PAB-SKC, 2024 WL 1281455, at *2 (D. Colo. Mar. 26, 2024) (approving hourly rate of $150/hour for paralegal with sixteen years experience); *Dun-Rite Home Improvements, Inc. v. Dun-Rite, LLC*, No. 15-CV-00316-WYD-CBS, 2016 WL 11384331, at *9 (D. Colo. Feb. 2, 2016), *report and recommendation adopted*, No. 15-CV-0316-WYD-CBS, 2016 WL 1178276 (D. Colo. Mar. 28, 2016) (approving hourly rate of $175/hour for legal assistants with limited involvement in case); *Let's Go Aero, Inc. v. Forcome Co.*, No. 23-CV-00045-RMR, 2024 WL 4068758, at *4 (D. Colo. Sept. 5, 2024) (approving rate of $120/hour for a third-year law student).

## C.     Costs

The Court finds that the $588.10 in costs Plaintiff incurred in Court fees, service of process, printing, and postage were necessarily incurred in pursuing Plaintiff's claims and are compensable under 28 U.S.C. § 1920. ECF No. 21 at 12.

## D.     Interest

Plaintiff asserts that post-judgment interest on both fees and costs is recoverable pursuant to 28 U.S.C. § 1961. ECF No. 21 at 13. This Court agrees.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees, ECF No. 21, is **GRANTED**. The Clerk of the Court is directed to amend the Final Judgment, ECF No. 20, to reflect that judgment shall be entered in favor of Plaintiff and against Defendants in the amount of $20,890 in attorney fees and $588.10 in costs for a total of $21,478.10 to be added to the existing judgment for $9,325.52, for a total of $30,803.62, as well as post-judgment interest at the rate set by 28 U.S.C. § 1961.

DATED:  July 17, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ

United States District Judge